# Supreme Court of Florida

No. SC2025-0237

### IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE.

October 16, 2025

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee filed a report proposing amendments to Florida Rules of Juvenile Procedure 8.040 (Process); 8.060 (Discovery); 8.085 (Prehearing Motions and Service); 8.104 (Testimony by Closed-Circuit Television or Audio-Video Communication Technology); 8.105 (Waiver of Jurisdiction); 8.110 (Adjudicatory Hearings); 8.145 (Supersedeas on Appeal); and 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers).[1] The Florida Bar's Board of Governors voted unanimously to recommend approval of the amendments. After the Committee filed its report, the Court published the proposed

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

amendments for comment. One comment was received from the Florida Public Defender Association. In response to the comment, the Committee withdrew its proposal to amend rule 8.104.

After considering the proposals, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. We discuss some of the more specific rule amendments below.

The amendment to rule 8.040 clarifies who must be served with a summons for petitions for delinquency proceedings, specifically identifying "the child, the parents of the child, and any legal custodians."

The amendment to rule 8.060 moves the procedures for motions to take depositions to perpetuate testimony from subdivision (e) of the discovery rule to a new prehearing motions subdivision in rule 8.085(a). This change will provide better alignment with the procedural stages of litigation.

Additionally, rule 8.085 is amended to delete the procedures for service of pleadings and papers, and to instead generally reference the Florida Rules of General Practice and Judicial Administration. Also, the amendment requires that the attorney signing the pleading be "duly licensed to practice law in Florida."

The amendment to rule 8.105 clarifies that subdivision (c) does not apply to non-bondable offenses by including language expressly limiting the provision to where the right to bail exists, thus aligning with Florida Rule of Criminal Procedure 3.121(a)(7).

Rule 8.110, as amended, clarifies that if a child offers no testimony other than his or her own, the child is entitled to both the first and last closing arguments.

Rule 8.145, as amended, removes subdivision (b), titled "Preeminence of Rule," which states that this rule takes precedence over other court rules regarding supersedeas on appeal. This revision is necessary because, in the event of a conflict, the Florida Rules of Appellate Procedure govern, according to rule 2.130.

Lastly, rule 8.225 as amended clarifies in subdivision (a)(4)(B) that a notice for a hearing conducted remotely only requires 72 hours' notice. This change aligns with the 72-hour notice requirement under subdivision (a)(1) for participants located in Florida.

Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is

underscored; deleted language is stricken through. The amendments become effective on January 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Hon. Angélica D. Zayas, Chair, Juvenile Court Rules Committee, Miami, Florida, Sarah J. Rumph, Past Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather S. Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Carlos J. Martinez, Public Defender, Eleventh Judicial Circuit of Florida, Miami, Florida, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit of Florida, Miami, Florida, on behalf of Florida Public Defender Association, Inc., Tallahassee, Florida,

     Responding with comments

**APPENDIX**

**RULE 8.040.   PROCESS**

**(a)   Summons.**

(1)    ~~Upon~~On the filing of a petition ~~upon~~ a child who is not detained by order of the court, the clerk ~~shall~~must issue a summons to the child, the parents of the child, and any legal custodians. The summons ~~shall~~must require the person on whom it is served to appear for a hearing at a time and place specified, or if appearance is via audio-video communication technology then the summons ~~shall~~must provide instructions as to how to attend the hearing. The time of the hearing ~~shall~~must not be less than 24 hours after service of the summons. The summons ~~shall~~must require the custodian to produce the child at the said time and place. A copy of the delinquency petition ~~shall~~must be attached to the summons.

(2)    [No Change]

(3)    If the child is being detained by order of the court, process ~~shall~~must be in accordance with the rule pertaining to the arraignment of a detained child.

**(b)   Service.**

(1)    *Generally.* The summons and other process ~~shall~~must be served ~~upon~~ such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known the clerk ~~shall~~must give them notice of the proceedings by mail. Service of process may be waived.

(2)    [No Change]

**Committee Notes**

[No Change]

**RULE 8.060.   DISCOVERY**

   **(a)   Notice of Discovery.**

      (1)   After the filing of the petition, a child may elect to utilize the discovery process provided by these rules, including the taking of discovery depositions, by filing with the court and serving ~~up~~on the petitioner a "notice of discovery" which ~~shall~~ bind~~s~~ both the petitioner and the child to all discovery procedures contained in these rules. Participation by a child in the discovery process, including the taking of any deposition by a child, ~~shall be~~is an election to participate in discovery. If any child knowingly or purposely shares in discovery obtained by a codefendant, the child ~~shall be~~is deemed to have elected to participate in discovery.

      (2)   Within 5 days of service of the child's notice of discovery, the petitioner ~~shall~~must serve a written discovery exhibit which ~~shall~~must disclose to the child or the child's counsel and permit the child or the child's counsel to inspect, copy, test, and photograph the following information and material within the petitioner's possession or control:

         (A)   A list of the names and addresses of all persons known to the petitioner to have information that may be relevant to the allegations, to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.402(2), Florida Statutes. The names and addresses of persons listed ~~shall~~must be clearly designated in the following categories:

            (i)   Category A. These witnesses ~~shall~~ include:

            a.-b. [No Change]

            c.   witnesses who were present when a recorded or unrecorded statement was taken from or made by the child or codefendant, which ~~shall~~must be separately identified within this category;

            d.-h. [No Change]

(ii)-(iii)　　[No Change]

(B)　The statement of any person whose name is furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted by him or her and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but ~~shall~~does not include the notes from which such reports are compiled.

(C)-(L)　　[No Change]

(3)　As soon as practicable after the filing of the petition, the petitioner ~~shall~~must disclose to the child any material information within the state's possession or control which tends to negate the guilt of the child as to the petition's allegations.

(4)　The petitioner ~~shall~~must perform the foregoing obligations in any manner mutually agreeable to the petitioner and the child or as ordered by the court.

(5)　~~Upon~~On a showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.

**(b)　Required Disclosure to Petitioner.**

(1)　If a child elects to participate in discovery, within 5 days after receipt by the child of the discovery exhibit furnished by the petitioner under this rule, the following disclosures ~~shall~~must be made:

(A)　The child ~~shall~~must furnish to the petitioner a written list of names and addresses of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice ~~shall~~must be given

to the child as to the time and location of examination pursuant to the subpoena. At such examination, the child through counsel ~~shall have~~has the right to be present and to examine the witness. The physical presence of the child ~~shall be~~is governed by rule 8.060(d)(6).

(B) The child ~~shall~~must serve a written discovery exhibit which ~~shall~~must disclose to the petitioner and permit the petitioner to inspect, copy, test, and photograph the following information and material which is in the child's possession or control:

(i)-(iii) [No Change]

(2) The child ~~shall~~must perform the foregoing obligations in any manner mutually agreeable to the child and the petitioner or as ordered by the court.

(3) [No Change]

**(c) Limitations on Disclosure.**

(1) ~~Upon~~On application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.

(2) The following matters ~~shall not be~~are not subject to disclosure:

(A) Disclosure ~~shall not be~~is not required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of their legal staff.

(B) Disclosure of a confidential informant ~~shall not be~~is not required unless the confidential informant is to be

- 8 -

produced at a hearing or a failure to disclose the informant's identity will infringe upon the constitutional rights of the child.

**(d)    Depositions.**

(1)    [No Change]

(2)    *Procedure.*

(A)    The party taking the deposition ~~shall~~must give reasonable written notice to each other party and ~~shall~~ make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice ~~shall~~must state the time and the location of the deposition and the name of each person to be examined, and include a certificate of counsel that a good faith effort was made to coordinate the deposition schedule.

(B)    ~~Upon~~On application, the court or the clerk of the court may issue subpoenas for the persons whose depositions are to be taken.

(C)    To protect deponents and the rights of the parties and to ensure compliance with statutes, the court may enter orders, including but not limited to the orders allowed by rule 8.060(c), ~~(j)~~(i), ~~(k)~~(j), and ~~(l)~~(k), ~~up~~on motion of a party, the deponent, or on its own motion, for good cause shown.

(D)    In any case, no person ~~shall~~may be deposed more than once except by consent of the parties or by order of the court issued on good cause shown.

(E)    Unless a provision of this rule conflicts with the Florida Rules of Civil Procedure, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena (except for a subpoena duces tecum) for deposition by an attorney of record in the action, ~~shall~~must be the same as that provided in the Florida Rules of Civil Procedure.

(F)-(G)    [No Change]

(H)    A witness listed by the petitioner as a Category C witness shall not beis not subject to deposition unless the court determines that the witness should be listed in another category.

(I)    No deposition shallmay be taken in a case in which a petition has been filed alleging that the child committed only a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexity of the issues involved, the complexity of the witness's testimony (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicabledoes not apply if following the furnishing of discovery by the child the petitioner then takes the statement of a listed defense witness pursuant to section 27.04, Florida Statutes.

(3)    *Use of Deposition.* Any deposition taken pursuant tounder this rule may be used at any hearing covered by these rules by any party for the purpose of impeaching the testimony of the deponent as a witness.

(4)-(5)    [No Change]

(6)    *Physical Presence of Child.* The child shallmust not be physically present at a deposition except upon stipulation of the parties or as provided by this rule.

The court may order the physical presence of the child upon a showing of good cause. In ruling, the court may consider:

(A)-(D)    [No Change]

(7)    *Depositions of Law Enforcement Officers.* Subject to the general provisions of this rule, law enforcement officers shallmust appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address designated by the law enforcement agency or department or, if no address has

been designated, to the address of the law enforcement agency or department, 5 days ~~prior to~~before the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice are subject to contempt proceedings.

(8)     *Telephonic Statements.* On stipulation of the parties and the consent of the witness, the statement of any witness may be taken by telephone in lieu of the deposition of the witness. In such case, the witness need not be under oath. The statement, however, ~~shall~~must be recorded and may be used for impeachment at trial and as a prior inconsistent statement ~~pursuant to~~under the Florida Evidence Code.

(9)     *Videotaped Depositions of Sensitive Witnesses.*

(A)     Depositions of children under the age of 18 ~~shall~~must be videotaped upon demand of any party unless otherwise ordered by the court.

(B)-(C)     [No Change]

~~**(e)    Perpetuating Testimony.**~~

~~(1)    After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons, and shall state that the prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending the subsequent court proceedings, or that grounds exist to believe that the witness will absent himself or herself from the jurisdiction of the court, that the testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.~~

~~(2)    If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter,~~

- 11 -

~~whether the witness be within or without the state, transcribed by the reporter, and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.~~

~~(3)    No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.~~

**(f~~e~~)   Nontestimonial Discovery.** After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions that are just, require:

(1)-(2)    [No Change]

**(g~~f~~)   Court May Alter Times.** The court may alter the times for compliance with any discovery under these rules on good cause shown.

**(g~~h~~)   Supplemental Discovery.** If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material that the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.

**(h~~i~~)   Investigations Not to Be Impeded.** Except as otherwise provided for matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel ~~shall~~may advise persons having relevant material or information, except for the child, to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor ~~shall~~may they otherwise impede opposing counsel's investigation of the case.

**(ji)** **Protective Orders.** ~~Upon~~On a showing of good cause, the court ~~shall~~may at any time order that specified disclosures be restricted, deferred, or exempted from discovery, that certain matters are not to be inquired into or that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition. All material and information to which a party is entitled, however, must be disclosed in time to permit such party to make beneficial use of it.

**(kj)** **Motion to Terminate or Limit Examination.** At any time during the taking of a deposition, on motion of a party or of the deponent, and ~~up~~on a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may:

(1)-(6)     [No Change]

If the order terminates the deposition, it ~~shall~~may be resumed ~~thereafter~~ only ~~up~~on the order of the court in which the action is pending. ~~Upon~~On demand of any party or deponent, the taking of the deposition ~~shall~~must be suspended for the time necessary to make a motion for an order.

**(lk)** **In Camera and Ex Parte Proceedings.**

(1)    [No Change]

(2)    ~~Upon~~On request, the court ~~shall~~must allow the child to make an ex parte showing of good cause for taking the deposition of a Category B witness.

(3)    A record ~~shall~~must be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding ~~shall~~must be sealed and

- 13 -

preserved in the records of the court, to be made available to the appellate court in the event of an appeal.

**(ml) Sanctions.**

(1)-(2)     [No Change]

**Court Commentary**

[No Change]

## RULE 8.085.   PREHEARING MOTIONS AND SERVICE

**(a)     Prehearing Motions.**

(1)     *Motions in General.* Every motion made before a hearing and any pleading in response to the motion shallmust be in writing and shall be signed by the party making the motion or if the party is represented by an attorney, the party's attorney. This requirement may be waived by the court for good cause shown.

(2)     *Motion to Dismiss.* All defenses not raised by a plea of not guilty or denial of the allegations of the petition shallmust be made by a motion to dismiss the petition. If a motion to dismiss is granted, the child who is detained under an order entered under rule 8.013 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.

(3)     *Motion to Suppress.* Any confession or admission obtained illegally or any evidence obtained by an unlawful search and seizure may be suppressed on motion by the child.

(A)     Every motion to suppress shallmust clearly state the particular evidence sought to be suppressed, the reason for the suppression, and a general statement of the facts on which the motion is based.

(B)     Before hearing evidence, the court shallmust determine if the motion is legally sufficient. If it is not, the motion shallmust be denied. If the court hears the motion on its merits, the

- 14 -

moving party ~~shall~~<u>must</u> present evidence in support ~~thereof~~<u>of the motion</u> and the state may offer rebuttal evidence.

    (4)    [No Change]

    (5)    *Time for Filing.* Any motion to suppress, sever, or dismiss ~~shall~~<u>must</u> be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the party making the motion was not aware of the grounds for the motion.

    (6)    *Sworn Motions to Dismiss.* Before the adjudicatory hearing the court may entertain a motion to dismiss on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the child. The facts on which ~~such~~<u>the</u> motion is based ~~shall~~<u>must</u> be specifically alleged and the motion sworn to by the child. The motion ~~shall~~<u>must</u> be filed a reasonable time before the date of the adjudicatory hearing. The state may traverse or demur to this motion. Factual matters alleged in it ~~shall~~<u>must</u> be deemed admitted unless specifically denied by the state in a traverse. The court, in its discretion, may receive evidence on any issue of fact necessary to decide the motion. The motion ~~shall~~<u>must</u> be dismissed if the state files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Any demurrer or traverse ~~shall~~<u>must</u> be filed a reasonable time before the hearing on the motion to dismiss.

    <u>(7)    *Motions to Take Deposition to Perpetuate Testimony.*</u>

    <u>(A)    After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application must be verified or supported by the affidavits of credible persons, and must state that the prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending the subsequent court proceedings, or that grounds exist to believe that the witness will absent himself or herself from the jurisdiction of the court, that the testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.</u>

(B)     If the application is well founded and timely made, the court must order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by the reporter, and filed in the court. The commission must state the time and place of the deposition and be served on all parties.

(C)     No deposition may be used or read in evidence when the attendance of the witness can be procured. If the court finds that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition may not be read in evidence on behalf of that party.

**(b)     Service of Pleadings and Papers.** The service and filing of pleadings and papers is governed by the Florida Rules of General Practice and Judicial Administration.

(1)     *When Required.* Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.

(2)     *How Made.* When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.  Service upon the attorney or party shall be made by electronic mail (e-mail) consistent with the requirements of Florida Rule of General Practice and Judicial Administration 2.516, unless the parties stipulate otherwise. Service on or by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy or by mailing it to the attorney or party's last known address or, if no address is known, by leaving

it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:

(A) handing it to the attorney or the party;

(B) leaving it at the attorney's office, with the person in charge thereof;

(C) if there is no one in charge of the office, leaving it in a conspicuous place therein;

(D) if the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof; or

(E) transmitting it by facsimile to the attorney's or party's office with a cover sheet containing the sender's name, firm, address, telephone number, and facsimile number, the number of pages transmitted, and the recipient's facsimile number. When service is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile service occurs when the transmission is complete.

(3) *Filing.* All documents must be filed with the court either before service or immediately thereafter. If the document required to be filed is to be an original and is not placed in the court file or deposited with the clerk, a certified copy must be so placed by the clerk.

(4) *Filing with Court Defined.* The filing of documents with the court as required by these rules shall be made by filing them with the clerk of the court in accordance with rule 8.004, except that the judge may permit documents to be filed with the judge, in which event the judge must note the filing date before him or her on the documents and transmit them to the clerk. The date of filing is that shown on the face of the document by the notation of the judge or the time stamp of the clerk, whichever is earlier.

~~(5)    *Certificate of Service.* When any authorized person shall in substance certify:~~

~~"I certify that a copy/copies has/have been furnished to (insert name or names) by (e-mail) (delivery) (mail) (fax) on (date).~~
~~Title"~~

~~the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.~~

~~(6)    *People Who May Certify Service.* Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, court, or authorized agent of the Department of Juvenile Justice in the form provided in subdivision (b)(5).~~

**(c)**    [No Change]

**(d)    Time for Service of Motions and Notice of Hearing.** Service by e-mail is complete on the date it is sent and must be treated as service by mail for the computation of time. If the sender learns that the e-mail did not reach the address of the person to be served, the sender must immediately send another copy by e-mail, or by means authorized by subdivision (b)(2). If e-mail service is excused, a copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing ~~thereof shall~~must be served a reasonable time before the time specified for the hearing. If a document is served by more than one method of service, the computation of time for any response to the served document ~~shall~~must be based on the method of service that provides the shortest response time.

**(e)    Pleading to Be Signed by Attorney.** Every written paper or pleading of a party represented by an attorney ~~shall~~must be signed in the attorney's individual name ~~by such attorney, whose~~ who is duly licensed to practice law in Florida. The attorney's mailing address, primary e-mail address and telephone number, including area code, and Florida Bar number ~~shall~~must be stated, ~~and who shall be duly licensed to practice law in Florida~~ in the pleading. Any document served by e-mail or filed electronically may

be signed by any of the "/s/," "/s," or "s/" formats. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings ~~as such~~ need not be verified or accompanied by affidavit.

**(f)** **Pleading to Be Signed by Unrepresented Party.** A party who has no attorney but represents himself or herself ~~shall~~must sign the written pleading or other paper to be filed and state his or her primary e-mail address, mailing address, and telephone number, including area code.

**(g)** **Effect of Signing Pleading.** The signature of a person ~~shall~~ constitutes a certificate that the paper or pleading has been read; that to the best of the person's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.

**(h)** [No Change]

### Committee Notes

[No Change]

## RULE 8.105.   WAIVER OF JURISDICTION

**(a)** **On Demand.** On demand for waiver of jurisdiction, the court ~~shall~~must enter a written order setting forth the demand, waiving jurisdiction, and certifying the case for trial as if the child were an adult. The demand ~~shall~~must be made in the ~~form~~manner provided by law ~~prior to~~before ~~the commencement of~~ an adjudicatory hearing. A certified copy of the order ~~shall~~must be ~~furnished~~provided to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting ~~officer~~attorney of the ~~said~~ child within 5 days of the demand being made. The court may

- 19 -

order that the child be delivered to the sheriff of the county in which the court that is to try the child is located.

**(b)    Involuntary Waiver; Hearing.**

(1)    As provided by law, the state attorney may, or if required ~~shall~~must, file a motion requesting the court to waive its jurisdiction and certify the case to the appropriate court for trial as if the child were an adult.

(2)    Following the filing of the motion of the state attorney, summons ~~shall~~must be issued and served ~~in conformity with the provision of~~under rule 8.040. A copy of the motion and a copy of the delinquency petition, if not already served, ~~shall~~must be attached to each summons.

(3)    No plea to a petition ~~shall~~may be accepted by the court prior to the disposition of the motion to waive jurisdiction.

(4)    After the filing of the report required by law, the court ~~shall~~must conduct a hearing on the motion to determine the existence of the criteria established by law for waiver of jurisdiction.

(5)    After hearing as provided in this rule:

(A)    The court may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult as provided by law. The order ~~shall~~must set forth the basis for waiver of jurisdiction and certification to the appropriate court, with copies provided to all parties and the department. A certified copy of the order ~~shall~~must be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting ~~officer~~attorney of the said court within 5 days of the date of the order. The child ~~shall~~must be delivered immediately to the sheriff of the county in which the court that is to try the child as an adult is located.

(B)    [No Change]

**(c)   Bail.** If the child is delivered to the sheriff under subdivisions (a) or (b) ~~for offenses where the right to bail exists,~~ the court ~~shall~~must ~~fix~~set the amount of bail or other conditions of release, and the return date. A certified copy of the order ~~shall~~must be furnished to the sheriff.

## RULE 8.110.   ADJUDICATORY HEARINGS

**(a)   Appearances; Pleas.** The child ~~shall~~must appear before the court at the times set and, unless a written plea has been filed, enter a plea of guilty, not guilty, or, with the consent of the court, nolo contendere.

**(b)** [No Change]

**(c)   Trial by Court.** The adjudicatory hearing ~~shall~~must be conducted by the judge without a jury. At this hearing, the court determines whether the allegations of the petition have been sustained.

**(d)   Joint and Separate Trials.** When 2 or more children are alleged to have committed a delinquent act or violation of law, they ~~shall~~must be tried jointly unless the court in its discretion orders separate trials.

**(e)   Testimony.** The child may choose to be sworn as a witness and testify in his or her own behalf. The child may be cross-examined as other witnesses. No child ~~shall~~can be compelled to give testimony against himself or herself, nor ~~shall~~ any prosecuting attorney be permitted to comment on the failure of the child to testify in his or her own behalf. A child offering no testimony on his or her own behalf except his or her own ~~shall be entitled to the concluding argument~~is entitled to an initial closing argument and a rebuttal closing argument following the closing argument of the State.

**(f)   Motion for Judgment of Dismissal.** If, at the close of the evidence for the petitioner or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child,

it may, or on the motion of the state attorney or the child shallmust, enter an order dismissing the petition for insufficiency of the evidence. A motion for judgment of dismissal is not waived by subsequent introduction of evidence on behalf of the child. The motion must fully set forth the grounds on which it is based.

**(g)** **Dismissal.** If the court finds that the allegations in the petition have not beenare not proven beyond a reasonable doubt, it shallmust enter an order so finding and dismissing the case.

**(h)** [No Change]

**(i)** **Specifying Offense Committed.** If in a petition more than one offense is alleged the court shallmust state in its order which offense or offenses it finds the child committed.

**(j)**-**(k)** [No Change]

## RULE 8.145. SUPERSEDEAS ON APPEAL

**(a)** **Granting of Supersedeas.** The court in considering the welfare and best interest of the child and the interest of the public may grant a supersedeas in its discretion on such conditions as it may determine are appropriate.

**(b)** **Preeminence of Rule.** This rule shall be to the exclusion of any other court rule providing for supersedeas on appeal.

## RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS

**(a)** **Summons and Subpoenas.**

(1)-(3) [No Change]

(4) *Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.*

(A) [No Change]

(B)      If the hearing will be conducted in person, Nnotice under this rule must be served, mailed, delivered, or last published at least 20 days before any hearing in this state. If the hearing will be conducted remotely or conducted in a hybrid format where the person receiving the notice has been provided instructions for appearing at the hearing through communication technology, notice under this rule must be served, mailed, delivered, or last published at least 72 hours before any hearing in this state.

(C)-(D)      [No Change]

(5)      [No Change]

**(b)-(e)**      [No Change]

**(f)      Notice and Service of Pleadings and Papers.**

(1)-(4)      [No Change]

(5)      *Method of Service.* When service is required or permitted to be made ~~up~~on a party or participant represented by an attorney, service must be made ~~up~~on the attorney unless service ~~up~~on the party or participant is ordered by the court.

(A)      [No Change]

(B)      Service by Electronic Mail ("e-mail"). Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i)      Service on Attorneys. ~~Upon~~On appearing in a proceeding, an attorney must designate a primary e-mail address and may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding. Every document filed by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for

service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.

(ii)    Exception to E-mail Service on Attorneys. Service by an attorney on another attorney must be made by e-mail unless the parties stipulate otherwise. ~~Upon~~On motion by an attorney demonstrating that the attorney has no e-mail account and lacks access to the Internet at the attorney's office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (c)(6) of this rule.

(iii)-(vi)    [No Change]

(6)    *Service by Other Means.* In addition to, and not in lieu of, service by e-mail, service may also be made ~~up~~on attorneys and parties not represented by an attorney by any of the means specified in this subdivision. If a document is served by more than one method of service, the computation of time for any response to the served document must be based on the method of service that provides the shortest response time. Service on and by all parties and participants who are not represented by an attorney and who are excused from e-mail service, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or participant at their permanent mailing address if one has been provided to the court or to the party, participant, or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete ~~up~~on mailing. Delivery of a copy within this rule is complete ~~up~~on:

(A)-(F)    [No Change]

(7)-(11)    [No Change]